## BOWSER v. DARO et al.

### No. 21621.

District Court, N. D. California, S. D.

Jan. 23, 1941.

Albert A. Axelrod, of San Francisco, Cal., for plaintiff.

Irving S. Baltimore, of Los Angeles, Cal., for defendant Jack E. Daro.

Maurice Schulman and Lyta Jorgensen, both of Los Angeles, Cal., for defendant Joe Toots Mondt.

WELSH, District Judge.

The defendant, Jack E. Daro, resident of the Southern District of California, is joined in this action with Joe Malcewicz, whose residence within this Northern District is not disputed. The cause of action stated against Jack E. Daro is distinct from that stated against Joe Malcewicz and is set forth in a separate count of the complaint. It does not appear from the complaint whether the several claims against these two defendants arise out of the same transaction or occurrence and if any question of law or fact common to all of them will arise in the action. Consequently, it cannot be determined from the complaint whether or not there has been a misjoinder of parties in violation of Rule 20 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c.

The defendant, Jack E. Daro, was served with process in the Southern District of California and now moves the court for an order quashing service and return of service upon him on the ground that he is beyond the jurisdiction of this court.

In support of the venue of this court and the sufficiency of the service of its process on the defendant in this state but in a different district thereof, plaintiff relies upon the following statutory authority:

"When a State contains more than one district, every suit not of a local nature, in the district court thereof, against a single defendant, inhabitant of such State, must be brought in the district where he resides; but if there are two or more defendants, residing in different districts of the State, it may be brought in either district, and a duplicate writ may be issued against the defendants, directed to the marshal of any other district in which any defendant resides. * * *" 28 U.S.C.A. § 113.

"All process other than a subpœna may be served anywhere within the territorial limits of the state in which the district

court is held and, when a statute of the United States so provides, beyond the territorial limits of that state. * * *" Rule 4(f) Federal Rules of Civil Procedure.

The moving defendant, Jack E. Daro, in support of his motion to quash service of summons, makes no claim of a fraudulent joinder to confer jurisdiction on this court over his person by the inclusion as a party defendant of a resident of this district. Nor does he, in support of said motion, make any showing that the several claims stated in the complaint against him and the defendant residing in this district, respectively, do not in fact arise out of the same transaction or occurrence and involve questions of law and fact common to them all.

Under the foregoing circumstances, the provisions of Title 28 U.S.C. Sec. 113, 28 U.S.C.A. § 113, and Rule 4(f) of the Federal Rules of Civil Procedure are controlling. If the fact is that this moving defendant has been improperly joined in this action, his right is to object to his joinder as a co-defendant, and to obtain the relief afforded him by law by reason thereof. However, motion to quash service and return of summons is not the appropriate method of raising the objection of misjoinder.

It is therefore ordered, that the motion of defendant, Jack E. Daro, to quash service and return of service of summons be and the same is hereby denied.

It is further ordered, that the motion of defendant, Joe Toots Mondt, to quash service and return of service of summons be and the same is hereby denied.